IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Jerri Califf and Dawn Hartl-Schulze, | ) |
| | ) Case No. _____ |
| Plaintiffs, | ) |
| | ) **CLASS ACTION COMPLAINT** |
| v. | ) |
| | ) **Jury Trial Demanded** |
| Weltman, Weinberg & Reis Co., LPA,, | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. Plaintiffs Jerri Califf ("Ms. Califf") and Dawn Hartl-Schulze ("Ms. Hartl-Schulze") (collectively "Plaintiffs") bring this putative class action against Defendant Weltman, Weinberg & Reis Co., LPA ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., on behalf of themselves and all others similarly situated.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiffs' actions occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

1

4. "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See Id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

2

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

9. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

10. "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

11. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

12. "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir.2007), *quoting Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

13. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

14. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

**PARTIES**

15. Ms. Califf is a natural person who at all relevant times resided in the State of Michigan, County of Berrien, and City of Niles.

16.    Ms. Califf is allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

17.    Ms. Califf is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18.    Ms. Hartl-Schulze is a natural person who at all relevant times resided in the State of Wisconsin, County of Outagamie, and City of Appleton.

19.    Ms. Hartl-Schulze is allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

20.    Ms. Hartl-Schulze is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

22.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

### Defendant's Communications With Ms. Hartl-Schulze

24.    Ms. Hartl-Schulze's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred

primarily for personal, family, or household purposes—namely, a student loan through Navient Solutions, Inc. ("Ms. Hartl-Schulze's Debt").

25. In connection with the collection of Ms. Hartl-Schulze's Debt, Defendant sent Ms. Hartl-Schulze a letter dated March 8, 2016.

26. A true and correct copy of Defendant's March 8, 2016 letter is attached to this complaint as Exhibit A.

27. The March 8, 2016 letter was Defendant's initial communication with Ms. Hartl-Schulze respect to the collection of Ms. Hartl-Schulze's Debt.

28. Defendant's March 8, 2016 letter stated: "Balance Due as of March 8, 2016: $26,819.07."  Exhibit A.

29. The March 8, 2016 letter also stated: "As of the date of this letter you owe the amount listed above.  Therefore, it is important that you contact us at 1-877-247-2768 to discuss an appropriate resolution for this matter."  Exhibit A.

30. By stating that the balance was due "as of" a certain date and that "[t]herefore, it is important that you contact us," Defendant's March 8, 2016 letter implies that Ms. Hartl-Schulze's Debt may increase.

31. Upon receiving Defendant's March 8, 2016 letter, Ms. Hartl-Schulze, or the least sophisticated consumer, would be unsure whether the Debt would increase or remain static.

32. Because either of the above-mentioned conclusions about the status of Ms. Hartl-Schulze's Debt is reasonable, yet only one of them is actually true, Defendant's March 8, 2016 letter is misleading or deceptive.

33. On November 4, 2016 Ms. Hartl-Schulze received another letter from Defendant in an attempt to collect Ms. Hartl-Schulze's Debt.

34. A true and correct copy of Defendant's November 4, 2016 letter is attached to this complaint as Exhibit B.

35. Defendant's November 4, 2016 letter states a different balance due and reflects that the amount of Ms. Hartl-Schulze's Debt was, in fact, subject to increase. *Compare* Exhibit A *with* Exhibit B.

### Defendant's Communications with Ms. Califf

36. Ms. Califf's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a National Collegiate Student Loan Trust account ("Ms. Califf's Debt").

37. In connection with the collection of Ms. Califf's Debt, Defendant sent Ms. Califf a letter dated October 13, 2016.

38. A true and correct copy of Defendant's October 13, 2016 letter is attached to this complaint as Exhibit C.

39. Defendant's March 8, 2016 letter to Ms. Hartl-Schulze and its October 13, 2016 letter to Ms. Califf are based on the same template and contain substantially similar language.

40. The October 13, 2016 letter was Defendant's initial communication with Ms. Califf with respect to the collection of Ms. Califf's Debt.

41. Defendant's October 13, 2016 letter stated that Ms. Califf's "[b]alance due as of October 13, 2016: $43,813.18." Exhibit C.

42. The October 13, 2016 letter also stated that: "As of the date of this letter you owe the amount listed above.  Therefore, it is important that you contact us at 1-800-683-1204 to discuss an appropriate resolution for this matter." Exhibit C.

43. By stating that the balance due "as of" a certain date and that "[t]herefore, it is important that you contact us," Defendant's October 13, 2016 letter implies that Ms. Califf's Debt may increase.

44. Upon receiving Defendant's October 13, 2016 letter, Ms. Califf, or the least sophisticated consumer, would be unsure whether the Debt was subject to increase or if it would remain static.

45. On October 17, 2016, Ms. Califf wrote Defendant a letter disputing her Debt and requested that Defendant provide verification of Ms. Califf's Debt.

46. Defendant responded to Ms. Califf's letter on October 25, 2016.

8

47. A true and correct copy of Defendant's October 25, 2016 letter to Ms. Califf is attached to this complaint as Exhibit D.

48. Defendant's October 25, 2016 letter states the same balance due as in Defendant's October 13, 2016 letter. *Compare* Exhibit A *with* Exhibit B.

49. Therefore, Ms. Califf's Debt is not increasing despite Defendant's October 13, 2016 language to the contrary.

### Defendant's Communications with Consumers

50. Upon information and belief, Defendant included language in its initial communications with consumers in connection with the collection of a consumer's debt which would make the least sophisticated consumer unsure of whether her debt would increase. *See* Exhibit A; Exhibit C.

51. The least sophisticated consumer could believe that the debt was subject to increase in order to pressure the consumer to make a payment on the debt.

52. Further, as shown in the differing outcomes with Plaintiffs on whether their debts would increase, the Defendant's collection letters would leave the least sophisticated consumer unsure whether their debt was subject to increase.

### CLASS ACTION ALLEGATIONS

53. Plaintiffs repeat and re-allege all factual allegations above.

54. The March 8, 2016 and October 13, 2016 letters are based on a form or template (the "Template") that Defendant sends as its initial communication to a consumer in connection with the collection of a debt.

55. The Template states that the balance was due "as of" a certain date. Exhibit A; Exhibit C.

56. The Template also states that "As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact us . . . to discuss an appropriate resolution for the matter." Exhibit A; Exhibit C.

57. Defendant has used the Template to send collection notices to at least 40 individuals in the State of Michigan within the one year prior to the filing of this complaint.

58. Plaintiffs bring this action on behalf of themselves and all others similarly situated. Specifically, Plaintiffs seek to represent the following class of individuals:

> (a) All persons with a Michigan address, (b) to whom Defendant sent an initial communication based on the Template (c) within one year before the date of the this complaint, (d) in connection with the collection of a consumer debt.

59. The proposed class specifically excludes the United States of America, the State of Michigan, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Sixth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

60. The class is averred to be so numerous that joinder of members is impracticable.

61. The exact number of class members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery.

62. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

63. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

64. The claims of Plaintiffs are typical of the claims of the class they seek to represent.

65. The claims of Plaintiffs and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

66. Plaintiffs possess the same interests and have suffered the same injuries as each class member. Plaintiffs assert identical claims and seek identical relief on behalf of the unnamed class members.

67. Plaintiffs will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflict with the interests of other class members.

68. Plaintiffs are willing and prepared to serve this Court and the proposed class.

69. The interests of Plaintiffs are co-extensive with and not antagonistic to those of the absent class members.

70. Plaintiffs have retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiffs and all absent class members.

71. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

72. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of

the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

73. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

74. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to class members predominate over any questions affecting only individual members.

75. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

76. Plaintiffs repeat and re-allege each factual allegation above.

77.     Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt, including by using language with the capacity to mislead the consumer as to whether their debt was subject to increase.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiffs and the class they seek to represent;

c) Awarding Plaintiffs, and the class they seek to represent, actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), in the amount of $1,000.00, per Plaintiff;

e) Awarding such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    f) Awarding Plaintiffs, and the class they seek to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    g) Awarding Plaintiffs, and the class they seek to represent, pre-judgment and post-judgment interest as permissible by law; and

    h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

78. Plaintiff repeats and re-alleges each factual allegation above.

79. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of a debt, including by using language which could cause the least sophisticated consumer to reasonably believe either that their debt will or will not increase, one of which is necessarily false.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

    b) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiffs and the class they seek to represent;

    c) Awarding Plaintiffs, and the class they seek to represent, actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), in the amount of $1,000.00, per Plaintiff;

e) Awarding such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiffs, and the class they seek to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiffs, and the class they seek to represent, pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

80. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: February 1, 2017

Respectfully submitted,

/s/Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
(602) 388-8875
(866) 317-2674 Fax
jpanvini@consumerlawinfo.com
Attorney for Plaintiffs